UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

TED R. TOLLESON, §
§
         Plaintiff, §
VS. § CIVIL ACTION NO. 2:12-CV-00201
§
BRAD LIVINGSTON, *et al*, §
§
         Defendants. §

## ORDER

Before the Court is "Plaintiff's Motion for Court to Reconsider Dismissal" (D.E. 33). This Court dismissed this action by Order (D.E. 30) of December 10, 2012 adopting the Memorandum and Recommendation (D.E. 26) of the Magistrate Judge, in part, because Plaintiff had not filed any objections. On the same day, but after the Order (D.E. 30) was entered, Plaintiff filed his Objections (D.E. 32). He now seeks full consideration of his Objections (D.E. 32), complaining that he placed the document in the mail on a timely basis. The Court GRANTS the Motion (D.E. 33) and considers the Plaintiff's Objections (D.E. 32). Upon further review, the Court MODIFIES the "Order Adopting Memorandum and Recommendation to Grant Defendants' Motion to Dismiss" (D.E. 30) and VACATES the Final Judgment (D.E. 31).

Plaintiff's Objections track his earlier Response (D.E. 24) to the Motion to Dismiss (D.E. 19). In fact, Plaintiff has provided the Court the courtesy of citation to his Response in the body of his Objections, demonstrating that he raised his issues prior to the Magistrate Judge's issuance of his Memorandum and Recommendation (D.E. 26).

These issues were thus available to the Magistrate Judge and were considered in his Memorandum and Recommendation.  *See* D.E. 26, p. 2.  To the extent they are not addressed here, the Magistrate Judge's analyses of the issues, adopted by the Court (D.E. 30), remain unchanged.

In essence, Plaintiff explains that he was civilly committed as a sexually violent predator under Texas Health & Safety Code § 841.001 *et seq*. and was receiving psychotherapy treatment.  Because of his non-compliance with the terms of that civil commitment, he was sentenced to four years in prison, at which time his psychotherapy treatment for sex offenders adjudged to have a mental or behavioral abnormality was discontinued.  He wants to reinstate his psychotherapy during his imprisonment in the hope of being rehabilitated and returned to society more quickly.  The Magistrate Judge found that Plaintiff did not state a claim upon which relief could be granted because 42 U.S.C. § 1983 and the UNITED STATES CONSTITUTION do not provide for any right to rehabilitative services while in prison.

First, Plaintiff objects to the Magistrate Judge's reading of Tex. Health & Safety Code § 841.150(a) to permit cessation of psychotherapy during the period of time in which Plaintiff is incarcerated.  He argues that the plain language of the statute referring to "any confinement" does not include confinement in prison.  The Court rejects his argument for the reasons stated by the Magistrate Judge.

Plaintiff alternatively argues that the use of any 2011 or 2012 amendment to the state statute (to clarify the meaning of "confinement" to include incarceration) constitutes an *ex post facto* law or bill of attainder prohibited by UNITED STATES CONSTITUTION Art.

1, § 10, cl.1.  Initially, the Court notes that the statutory amendment, which only clarifies the meaning of "any confinement," does not change the law.  More importantly, perhaps, the prohibition on *ex post facto* legislation only applies to criminal statutes and punishment thereunder.  *California Dept. of Corrections v. Morales*, 514 U.S. 499, 505, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588 (1995) (quoting *Lindsey v. Washington*, 301 U.S. 397, 401, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1937)).  The statute at issue is a civil commitment statute and the *ex post facto* analysis does not apply.

A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial."  *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468, 97 S.Ct. 2777, 2803, 53 L.Ed.2d 867 (1977).  The prohibition on bills of attainder has no application here.  The Court **OVERRULES** Plaintiff's first objection.

Second, Plaintiff objects that the Magistrate Judge did not address his claim that parts of the Texas Health & Safety Act applicable to sexual offenders are unconstitutional because they criminalize mental abnormalities.  His argument is that his mental problems involve an inability to obtain coping skills that leads to "minor violations" of his civil commitment order, which in turn result in a disproportionate criminal penalty.  Alternatively, Plaintiff relies on the Americans With Disabilities Act to argue that he should not be punished for his disability.  These claims are addressed to the fact and duration of confinement.  A prisoner's challenge to the fact or duration of his confinement by which he seeks a shorter term of confinement or immediate release must be brought in a *habeas corpus* action, not a § 1983 action.  *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93

S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff insists that the denial of his right to psychotherapy under the civil commitment statute impacts his liberty interests in violation of due process, citing UNITED STATES CONSTITUTION Amends. V and XIV.  He argues that once civilly committed, he is entitled to the psychotherapy that prevents the civil commitment statute from being deemed punitive and that denying that therapy during imprisonment extends the period in which he will be confined under the civil commitment statute.  In this regard, he relies primarily on *Kansas v. Hendricks*, 521 U.S. 346, 367, 117 S.Ct. 2072 (1997).  That case extends the right to psychotherapy only during civil commitment.  It does not address imprisonment for criminal violations.

The Court agrees with the Magistrate Judge that Plaintiff has not stated a claim for the denial of his due process rights upon which relief can be granted.  Moreover, to the extent that this argument lays the foundation for a reduction of the time in which the Plaintiff is incarcerated or confined, it is a matter for a *habeas corpus* proceeding instead of a § 1983 proceeding.  *Preiser, supra*.  Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff objects that he is being denied equal protection of the laws under UNITED STATES CONSTITUTION Amends. V and XIV because, unlike sexually violent predators, other prisoners receive psychological treatment during incarceration.  To establish an equal protection claim, Plaintiff must show that two or more classifications of similarly situated persons were treated differently.  *See Stefanoff v. Hays County, Texas*, 154 F.3d 523, 525–26 (5th Cir. 1998).  *See also, Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012).

Plaintiff's argument, on its face, is not that he is denied all psychological treatment but that he is denied the specific psychotherapy designed for sex offenders to rehabilitate him so that he will not be subjected to civil commitment at a later date.  Similarly situated persons, then, would be those needing rehabilitative psychological services.  While he complains generally that other inmates get psychiatric services, he has not alleged that those services are for rehabilitative purposes rather than for serious medical needs.  On that level, he has failed to state an equal protection claim.

However, Plaintiff has also indicated that he needs psychological or psychiatric services to address his own serious medical needs, citing past attempts at suicide and self-mutilation.  While that claim is addressed below as an Eighth Amendment matter, it can also present an equal protection challenge if he is being denied necessary medical services simply because the treatment is related to his status as a sexually violent predator.  As his Complaint can be construed to present a question of being denied treatment on the basis of his classification, it states an equal protection challenge—a claim upon which relief can be granted.  Plaintiff's fourth objection is **SUSTAINED**.

Fifth, Plaintiff objects that his psychological condition as a sexually violent predator and his resulting remorse poses a danger to himself in that he has attempted suicide and succeeded in self-castration as to his right testical and the "severe mutilation" of his left testicle.  He thus contends that the requested psychological services are necessary to address a serious medical need and ignoring that need constitutes deliberate indifference, invoking the "cruel and unusual punishment" prohibition of UNITED STATES CONSTITUTION, Amend. VIII.

While nothing in the record addresses whether the specific sex offender treatment Plaintiff seeks is necessary or would be effective to address his alleged serious medical needs, Plaintiff's allegations are sufficient to state a claim upon which some relief may be granted. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). If Plaintiff is able to show that he is being denied medical attention as a matter of policy for the sole reason that it addresses a sex offender psychopathy, then he has stated a claim against Defendant Livingston, as the director of the Texas Department of Criminal Justice and as a potential policy-maker, to the extent that he seeks injunctive relief. *See generally, Thompson v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). The Court **SUSTAINS** Plaintiff's fifth objection.

The Court **RETAINS** Plaintiff's Equal Protection challenge as to the alleged denial of necessary treatment on the basis of his classification as a sexually violent predator and Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs, both of which claims are related to his request for injunctive relief against Defendant Livingston. All other claims are **DISMISSED.** The Final Judgment (D.E. 31) is hereby **VACATED.**

ORDERED this 30th day of April, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE