UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TED R. TOLLESON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-201 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT**

Pending is Plaintiff's motion to alter or amend the judgment. (D.E. 68). For the reasons stated herein, Plaintiff's motion is **DENIED**.

**I.    Background.**

The underlying facts of this case and the procedural background of its proceedings have been detailed in several orders and are neither in dispute, nor need to be repeated herein. (*See e.g.* D.E. 26, 34, 46, 52, 67). Plaintiff is a self-acknowledged sex offender who was sentenced to four years in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), due to non-compliance with civil commitment requirements.

On June 20, 2012, Plaintiff sued Brad Livingston, the TDCJ-CID Executive Director, and Stuart Jenkins, the Director of the Texas Board of Pardons & Paroles, alleging that Defendants were violating his constitutional rights by failing to enroll him in a Sex Offender Rehabilitation Program (SORP) and failing to provide him with a surgical castration. (D.E. 1). Following initial screening, the Court found that, although Plaintiff

failed to state a constitutionally cognizable claim to participate in SORP or to receive surgical castration, his allegations *may* state an Eighth Amendment claim for deliberate indifference and/or an equal protection violation. (*See* D.E. 34). As such, the Court retained these specific and narrowly-defined claims seeking injunctive relief only against Defendant Brad Livingston in his official capacity. (*Id.*; *see also Tolleson v. Livingston*, 2013 WL 1827769, *3 (S.D. Tex. Apr. 30, 2013) (unpublished)).

Thereafter, via amended pleadings and other discovery, it was determined that, should Plaintiff prevail on his claims, Mr. Livingston could not provide the injunctive relief requested. (*See* D.E. 35). Dr. William Penn was identified as the proper party defendant, and on December 26, 2013, the Court dismissed Mr. Livingston. (D.E. 67).

## II. Plaintiff's motion "to alter or amend the judgment."

On January 27, 2013, Plaintiff filed a pleading that he identified as a "Motion to Alter Judgment … under R. 59." (D.E. 68). In this motion, Plaintiff is challenging the dismissal of Mr. Livingston from this lawsuit, although no final judgment has been entered in this case.

Where there is no indication that the district court has entered or intended to enter a final judgment, there is no final order that can be challenged under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See e.g. Kelly v. Lee's Old fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990). In those cases in which one or more defendants are dismissed, but a plaintiff's claims remain against other defendants, and there is "no hint in the record that the district court certified its order as a final judgment under Rule 54(b) or that the parties even sought such a ruling," there is no final

judgment for purposes of a Rule 59(e) motion to alter or amend the judgment. *Thompson v. Betts,* 754 F.2d 1243, 1245-46 (5th Cir. 1985). *See also Smith v. Gonzales,* 592 F.2d 277 (5th Cir.1979) (in multiparty case where one defendant remained a party and no final judgment entered, appellate court lacks jurisdiction).

The Fifth Circuit has noted that, although the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba,*" it has consistently recognized a party's request to revisit a ruling under three rules of the Federal Rules of Civil Procedure: Rule 54(b), Rule 59(e), and Rule 60(b). *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990). Rule 59(e) and Rule 60(b) apply only to *final judgments*.[1] When a party seeks to revise an order that adjudicates fewer than all the claims among all the parties, Rule 54(b) controls. Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but less than all claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). *See also Helena Laboratories Corp. v. Alpha Scientific Corp.,* 483

---

[1] Rule 59 concerns motions to "alter or amend judgment," whereas Rule 60 can provide relief from a "final judgment, order, or proceeding." The Advisory Committee Notes of 1946 state that "[t]he addition of the qualifying word 'final' emphasizes the character of judgment, orders or proceedings from which Rule 60(b) affords relief; and hence, interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief as justice requires." Fed. R. Civ. P. 60(b) (1946 Advisory Committee Notes).

F.Supp.2d 538, 538 n. 1 (E.D. Tex. 2007) (motion for reconsideration of partial summary judgment filed under Rule 59(e) should be considered under Rule 54(b) because no final judgment had been entered).

In this case, Defendant Livingston was dismissed because it was determined that he was not the proper party to provide Plaintiff with the appropriate injunctive relief should he prevail on his claims. However, no final judgment has been entered, and there would be no useful purpose in certifying a partial final judgment for Plaintiff to appeal. The Federal Rules of Civil Procedure are designed, in part, to discourage piecemeal litigation.

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir. 1981). However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1414-15 (5th Cir. 1993). *See also* 18B Charles Alan Wright *et al, Federal Practice and Procedure* § 4478.1 (2d. ed., online 2013). Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion. *Martin v. H.M.B. Constr. Co.,* 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted). *See also Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

Rule 54(b) motions to reconsider interlocutory orders are generally evaluated under the same standards that govern Rule 59(e) motions to alter or amend a final

judgment.  *See Fed. Prac. & Proc.* § 4478.1.  A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact, or to present newly discovered evidence.[2]  *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet,* 367 F.3d at 478-79.  Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the Court.  *North Cypress Medical Center Operating Co. v. Blue Cross Blue Shield*, 2010 WL 2245075 at *1 (S.D. Tex. Jun. 2 2010) (unpublished).  Reconsideration of a judgment or order after its entry is an extraordinary remedy that should be used sparingly.  *Templet*, 367 F.3d at 479.

**III.   Analysis.**

Applying the Rule 59(e) standard, the Court finds unpersuasive Plaintiff's objections to the dismissal of Mr. Livingston.  Plaintiff argues that the Court failed to consider that the TDCJ has a "Rehabilitative Division," and a subdivision, the "Sex Offender Rehabilitation Program (S.O.R.P.)" such that Mr. Livingston, as the TDCJ Director, should remain as a defendant.  However, as this Court has *repeatedly* held and

---

[2] Rule 59(b) mandates that any motion to alter or amend the judgment be filed within 28 days after entry of the judgment.  Fed. R. Civ. P. 59(b).  Plaintiff executed his motion to alter judgment on January 19, 2014.  (*See* D.E. 68, p. 33).  Under the prison mailbox rule, the date of execution is the earliest date Plaintiff could have placed his motion in the prison mail system, and it is deemed filed as of that date.  *See Houston v. Lack,* 487 U.S. 266, 270-76 (1988); *Thompson v. Rasberry,* 993 F.2d 513, 515 (5th Cir. 1993) (per curiam).  Plaintiff is challenging the Court's December 26, 2013 Order dismissing Brad Livingston, and his January 19, 2014 motion to alter judgment was filed within 28 days; thus, it is timely.

attempted to explain to Plaintiff, he has no protected liberty interest in receiving sex therapy treatment while in prison. Indeed, the treatment requirements imposed on civilly committed sexual predators do not apply when an individual is in prison:

> *The duties imposed by this chapter are suspended for the duration of any confinement of a person*, or if applicable any other commitment center, mental health facility, or state school by governmental action.

Tex. Health & Safety Code § 841.150(a) (emphasis added).

As discussed in detail in this Court's April 30, 2013 Order, Plaintiff has no constitutional right to participate in SORP. Plaintiff offers no new evidence or law that would cause the Court to alter its judgment. Plaintiff admits that the very purpose of his motion to alter judgment is for the Court to consider "his previous theories on controlling matters of law," such that the Court would now conclude that it should not have substituted Mr. Livingston with Dr. Penn. (D.E. 68, p. 3). Plaintiff's repeated attempts to get a second bite at the apple are creating unnecessary work for the Court, and he is strongly discouraged from raising his same arguments in yet another pleading. The Court has spelled out clearly that Plaintiff's pleadings, read indulgently and in the light most favorable to him, *might* state an Eighth Amendment claim because he alleges self-mutilation as a consequence of not receiving rehabilitative services, and also, that his pleadings *might* state an equal protection claim. Plaintiff is seeking injunctive relief only against a state agency, the University of Texas Medical Branch, and Dr. Joseph Penn, in his official capacity, has been identified as the proper state actor.

Accordingly, Plaintiff's motion to alter the judgment (D.E. 68) is **DENIED.**

ORDERED this 9th day of April, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE