UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TED R. TOLLESON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-201 |
| | § | |
| WILLIAM PENN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT TO DISMISS ACTION AS MOOT**

Plaintiff is a self-acknowledged sex offender who was sentenced to four years in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) due to non-compliance with civil commitment requirements. Plaintiff filed this lawsuit seeking to obtain certain treatments and therapies while in TDCJ-CID custody. (D.E. 1). The District Court dismissed all of Plaintiff's claims except for his claim for injunctive relief that he was being denied necessary treatment on the basis of his being classified as a sexually violent predator. (D.E. 34, p. 6). However, since filing this lawsuit, Plaintiff has been transferred to a halfway house and is now receiving the counseling, therapy, and treatment he filed suit to obtain. Accordingly, it is respectfully recommended that this action be **DISMISSED** because Plaintiff's transfer to another facility and his discharge from the TDCJ have rendered moot his claims against Defendant Dr. Penn.

## I. Background.

The underlying facts of this case and the procedural background of its proceedings have been detailed in several orders and are not in dispute. (D.E. 26, 34, 46, 52, 67). On June 20, 2012, Plaintiff sued Brad Livingston, the TDCJ-CID Executive Director, and Stuart Jenkins, the Director of the Texas Board of Pardons & Paroles, alleging that Defendants were violating his constitutional rights by failing to enroll him in a Sex Offender Rehabilitation Program (SORP) and/or refusing to provide surgical castration. (D.E. 1).

Following initial screening, the Court found that, although Plaintiff failed to state a constitutionally cognizable claim to participate in SORP or to receive surgical castration, his allegations *may* state an Eighth Amendment claim for deliberate indifference and/or an equal protection violation. (D.E. 34). As such, the Court retained these specific and narrowly-defined claims seeking injunctive relief only against defendant Brad Livingston in his official capacity. (D.E. 34, p. 6). *See also Tolleson v. Livingston,* 2013 WL 1827769, *3 (S.D. Tex. Apr. 30, 2013) (unpublished)).

Thereafter, via amended pleadings and other discovery, it was determined that, should Plaintiff prevail on his claims, Mr. Livingston could not provide the injunctive relief requested. (D.E. 35). Dr. William Penn was identified as the proper party defendant, and on December 26, 2013, the Court dismissed Mr. Livingston. (D.E. 67). On May 13, 2014, Dr. Penn filed under seal a motion for summary judgment. (D.E. 90). On May 21, 2014, Officer Martinez with the McConnell Unit reported that Plaintiff had been transferred to the TDCJ's medical unit, Jester IV. (Minute Entry dated May 21,

2014). On June 16, 2014, Plaintiff filed a notice of change of address reporting that he is now assigned to a halfway house in Houston, Texas. (D.E. 96). On July 30, 2014, it was confirmed that Plaintiff is confined at the Southeast Texas Transitional Center in Houston, Texas. (Minute Entry dated July 30, 2014).

On September 19, 2014, a telephone conference was held to discuss the status of this case. The participants to the telephone conference were Nadine Phillpotts, with the Office of the Texas Attorney General, on behalf of Defendant Dr. Penn, Plaintiff, proceeding *pro se*, and Ms. Hall, Plaintiff's case manager at the Southeast Texas Transitional Center. The Southeast Texas Transitional Center is operated by GEO Group, Inc., and its contracting agencies are the TDCJ and the Council on Sex Offender Treatment (CSOT).[1] Plaintiff testified that the conditions at the Transitional Center are "far more better," and that he was receiving sex offender therapy; however, he was reluctant to voluntarily dismiss his lawsuit for reasons unclear, and preferred that a recommendation be entered by the undersigned. Defendant Dr. Penn indicated that he would supplement his motion for summary judgment to seek dismissal of Plaintiff's claims on the grounds that Plaintiff's claims are now moot because he had been discharged from TDCJ custody such that Defendant Penn could no longer provide him with the relief requested: to participate in a SORP. Plaintiff was advised that he would have twenty-one (21) days after his receipt of Dr. Penn's supplement to file his response.

---

[1] *See* http://www.geogroup.com/maps/locationdetails/104. The Transitional Center provides temporary housing, monitoring, and transitional services for approximately 500 adult male offenders. These services include employment and residence resources, counseling for substance abuse, and HIV/AIDS and Tuberculosis prevention education classes.

On September 26, 2014, Defendant Dr. Penn filed his summary judgment supplement. (D.E. 105, 106). To date, Plaintiff has not filed a response in opposition.

## II. Motion for summary judgment to dismiss claims as moot.

In support of his supplement to his summary judgment motion to dismiss, Dr. Penn offers the affidavit of Charley Valdez who is employed as Program Supervisor III with the TDCJ-CID's Classification and Records Department. (D.E. 106). According to Mr. Valdez, Plaintiff violated the terms of his civil commitment and on March 8, 2011, he was received into TDCJ custody. He was released from custody by discharge of his sentence on May 23, 2014. (D.E. 106).

There is no dispute that Plaintiff's current confinement in the Transitional Center is not mandated or governed by the TDCJ. Plaintiff's assignment to another facility moots his requests for injunctive relief, which is the only relief sought in this case. *See Wilson v. Texas Dept. of Criminal Justice,* 544 Fed. Appx. 440, 440 (5th Cir. May 23, 2013) (per curiam) (affirming dismissal as moot claims for injunctive relief based on transfer of prisoner to another facility); *Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "render[s] … claims for declaratory and injunctive relief moot"); *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991) (inmate's transfer to another prison rendered moot his claims for equitable relief in connection with allegedly unconstitutional deprivation of food at former prison); *Beck v. Lynaugh,* 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there).

There is no genuine issue of material fact that Plaintiff is no longer a prisoner in the TDCJ-CID. There is also no genuine issue of a material fact that the named Defendant, Dr. Penn, is employed by the University of Texas Medical Branch, Correctional Managed Care (UTMB-CMC). UTMB-CMC provides medical services to inmates within the TDCJ-CID system. Because Plaintiff is no longer in that system, Dr. Penn can no longer address Plaintiff's claims for injunctive relief; indeed, those claims have become moot based on his transfer to a non-TDCJ-CID facility. In addition, Plaintiff admitted at the September 19, 2014 telephone conference that he is now receiving the sex offender therapy that he sought to obtain through filing this lawsuit. Accordingly, it is respectfully recommended that the Court grant summary judgment in favor of Dr. Penn.

## III. Recommendation.

It is respectfully recommended that the Court grant Defendant's motion for summary judgment (D.E. 90, 105, 106), dismiss with prejudice Plaintiff's claims against Dr. Penn as moot and enter final judgment.

Respectfully submitted this 28th day of October, 2014.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).